# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| WILLIAM A. ASH, | : | |
|---|---|---|
| Plaintiff, | : | CIVIL ACTION NO. 3:CV-17-0957 |
| v. | : | (Judge Caputo) |
| D.O.C., *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

### I. Introduction

Plaintiff William A. Ash, an inmate at the Dallas State Correctional Institution in Dallas, Pennsylvania, commenced this action on June 2, 2017. (ECF No. 1.) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (ECF No. 8.) Prior to the Court serving the Complaint on Defendants, Mr. Ash sought, and was granted, leave to file an amended complaint. (*Id.*) The Court proceeds to review and screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### II. Standard of Review for Screening *Pro Se In Forma Pauperis* Complaints

When a litigant seeks to proceed *in forma pauperis*, without payment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint, or in this instance, the amended complaint. *See* 28 U.S.C. § 1915(e)(2)(B). Likewise, when a prisoner

seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint. *See* 28 U.S.C. § 1915A(a). Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).

A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)(citing *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1832-33, 104 L.Ed.2d 338 (1989)). In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Under Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009)). The court may also rely on exhibits attached to the complaint and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). A complaint is required to provide "the defendant fair notice of what the . . . claim is and the

2

grounds upon which it rests." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)).

To test the sufficiency of the complaint, the court "must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, a court must "take note of the elements a plaintiff must plead to state a claim." *Id.* (internal quotations and brackets omitted). Second, the court must identify allegations that are merely legal conclusions "because they . . . are not entitled to the assumption of truth." *Id.* While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). Third, a court should assume the veracity of all well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949).

A complaint filed by a *pro se* plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184 (3d Cir. 2015)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Yet, even a *pro se* plaintiff "must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir.2013) (citation omitted). *Pro se* litigants

3

are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).

### III.  Allegations of the Amended Complaint

The well-pleaded facts as set forth in Mr. Ash's Amended Complaint (ECF No. 11) are as follows:[1]

On October 20, 2015, Mr. Ash was transferred from SCI-Dallas to SCI-Graterford. He was transported by a bus operated by the Pennsylvania Department of Corrections (DOC). The bus stopped at SCI-Benner prior to proceeding to SCI-Graterford. At approximately 1:30 p.m., Mr. Ash and thirty-seven other inmates were placed on the transport bus at SCI-Benner and headed for SCI-Graterford. Mr. Ash wore leg shackles and his hands were cuffed in front of him to a waist-chain that prevented him from lifting his arms. The transport bus did not have seatbelts to secure Mr. Ash or the other inmates. (*Id.* at ¶ 4.)

At approximately 4:30 p.m., due to the excessive speed the bus was traveling, the driver failed to smoothly negotiate a curve and jerked the steering wheel while aggressively applying the brakes. (*Id.* at ¶¶ 1 – 3.) "Due to the operator's blatant neglegence (sic)" Mr. Ash was "ejected" from his seat head first and "landed on his head and back almost rendering him unconscious." (*Id.* at ¶ 5.)

---

[1] Although Mr. Ash references various "exhibits" in his Amended Complaint, he did not provide them to the Court.

The DOC transport officers ignored inmates' cries that Mr. Ash was injured and needed assistance. (*Id.*)

Upon arriving at SCI-Graterford, Plaintiff notified staff of the accident. After being placed in a holding cell for two hours, Mr. Ash was taken to the medical unit. (*Id.* at ¶¶ 6 – 7.) There he advised a nurse of the accident and his injuries: a head laceration, headache, dizziness, a lump near the laceration site, and moderate back pain. The nurse examined him, cleaned his head wound, provided Ibuprofen and told him "you will be fine." (*Id.* at ¶ 8.)

The next day Mr. Ash signed up for sick call. However, he was not called to the medical unit to be examined. (*Id.* at ¶ 9.) On October 23, 2015, Mr. Ash advised a second shift Lieutenant of the accident and asked that his injuries be photographed. Although the Lieutenant said that someone would come to his housing unit to photograph his injuries, no one came. (*Id.* at ¶ 10.)

On October 24, 2015, Mr. Ash filed a grievance concerning the bus accident, his injuries, and unanswered requests for medical attention due to his injuries. Plaintiff never received a response to his grievance. Nor did he receive a response to his multiple sick call requests. (*Id.*, ¶¶ 11 – 12.)

On October 29, 2015, Mr. Ash's housing officer gave him a pass to go to the medical department. (*Id.*, ¶ 14.) Upon arriving at the medical unit an officer turned him away saying he was "too late" and to "sign up for sick call again tomorrow." (*Id.*) Mr. Ash tried to explain his situation to the officer, but to no avail. (*Id.*) Mr. Ash then filed a grievance concerning this matter which was denied.

During the nineteen days Mr. Ash was housed at SCI-Graterford, from October 20 – November 7, 2015, he was only provided medical treatment for his injuries once, the day he arrived at the facility.

Mr. Ash was transferred to SCI-Dallas on November 7, 2015. Upon arriving he immediately notified staff of his injuries. Dr. Stanish examined Mr. Ash and determined he had a concussion. (*Id.*, ¶ 17.) On November 19, 2015, Mr. Ash filed a grievance requesting that the audio and video recording of his October 20, 2015, bus transport be preserved. (*Id.*, ¶ 20.)

SCI-Dallas' current physician, Dr. Prince, has ignored Mr. Ash's repeated complaints of head pain, dizziness, nausea, nosebleeds and memory loss for the past two years. (*Id.*, ¶ 19.) When finally seen by Dr. Prince, Plaintiff was told that he suffered from "post concussive syndrome" a "lifelong injury." (*Id.*, p. 6.)

As relief Mr. Ash seeks his immediate release from the DOC and monetary damages from the named Defendants: the DOC; Secretary John Wetzel; and Cynthia Link, Superintendent of SCI-Graterford.

## IV. Discussion

### A. Claims against Secretary Wetzel and Superintendent Link

A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361, 132 S.Ct. 1497, 1501, 182 L.Ed.2d 593 (2012). To successfully state a § 1983 claim, a plaintiff must allege: (1)

the conduct complained of was committed by a person acting under color of state law; and (2) the conduct complained of deprived the plaintiff of rights, privileges, or immunities secured by the laws or the Constitution of the United States. *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011).

To establish liability for the deprivation of a constitutional right, an individual government defendant must have personal involvement in the alleged wrongs; liability cannot be predicated based on the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948; *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). "It is uncontested that a government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct." *Argueta v. U.S. I.C.E.*, 643 F.3d 60, 71-72 (3d Cir. 2011). This personal involvement can be shown where a defendant personally directs the wrongs, or has actual knowledge of the wrongs and acquiesces in them. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)(noting that "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-02 (3d Cir. 2000). Likewise, participation in the after-the-fact review of a grievance or other

administrative remedy is not enough to establish personal involvement. *See, e.g. Rode*, 845 F.2d at 1208 (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); *Mincy v. Chmielsewski*, 508 F. App'x 99, 104 (3d Cir. 2013) (nonprecedential) (finding "an officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement" requirement); *Pressley v. Beard*, 266 F. App'x 216, 218 (3d Cir. 2008) (nonprecedential) ("The District Court properly dismissed these [supervisory] defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them."); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation); *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) (nonprecedential) (failure of prison official to process administrative grievance did not amount to a constitutional violation or personal involvement in the alleged constitutional deprivation grieved).

Mr. Ash names Secretary Wetzel and SCI-Graterford's Superintendent as Defendants in his Amended Complaint. However, Mr. Ash does not allege facts establishing a basis of liability against either Secretary Wetzel or Superintendent Link under any theory. Mr. Ash does not plead what action either Secretary Wetzel or Superintendent Link took that led to the alleged violation of his rights. In fact, he fails to mention either Defendant in the Amended Complaint aside from naming them

8

as a party. As such Mr. Ash fails to allege how either Defendant was personally involved in the alleged violations. Accordingly, he fails to state a claim against them.

### B. Claims against the PA DOC

Mr. Ash identifies the "DOC" as a Defendant in his Amended Complaint. (ECF No. 11, p. 2.) The Pennsylvania DOC is an arm of the state that cannot be sued under 42 U.S.C. § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 – 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 2304 (1989) (a state may not be sued in federal court pursuant to § 1983); Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000) (Pennsylvania Department of Corrections "shares in the Commonwealth's Eleventh Amendment immunity"); see also Pa. Cons. Stat. § 8521 (nothing in the Political Subdivision Tort Claims Act should be construed as waiver of the Commonwealth's Eleventh Amendment immunity). The Court will dismiss, with prejudice, any claims against the DOC on this basis.

### C. Habeas Relief – Release from Confinement

As relief, Mr. Ash requests, in part, his release from prison. The Court cannot grant Mr. Ash's this request for relief in a civil-rights action. Such a remedy is only available in an action requesting a writ of habeas corpus, not a § 1983 action. Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

9

### D. Leave to Amend

Mr. Ash will be granted twenty-one days to file a second amended complaint alleging the personal involvement of Secretary Wetzel and other individuals. If Mr. Ash decides to file a second amended complaint, he is advised he must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or legibly rewritten in its entirety, preferably on the court-approved form. In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Mr. Ash is advised that any amended complaint he may file supersedes the original complaint and his first amended complaint. In addition, it must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1; *see also W. Run Student Hous. Assocs. V. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013). Consequently, all causes of action alleged in the original complaint which were not dismissed with prejudice and are not alleged in the amended complaint are waived.

### V. Conclusion

For the foregoing reasons, upon screening review under 28 U.S.C. § 1915(e)(2)(B), Mr. Ash's Amended Complaint (ECF No. 11) will be dismissed. Mr. Ash's fails to state a claim against Secretary Wetzel or Superintendent Link. He will

be granted leave to file a second amended complaint. However, Mr. Ash will not be provided leave to amend his claims as to the Pennsylvania DOC because any such amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 – 13 (3d Cir. 2002).

An appropriate order follows.

**Date: January 2, 2018**          /s/ A. Richard Caputo
                                   **A. RICHARD CAPUTO**
                                   **United States District Judge**