# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM A. ASH, | : |
| Plaintiff, | : CIVIL ACTION NO. 3:CV-17-0957 |
| v. | : (Judge Caputo) |
| D.O.C., *et al.*, | : |
| Defendants. | : |

## MEMORANDUM

### I. Introduction

Presently before the Court is Mr. Ash's motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). (ECF No. 12.) For the reasons set forth below, the motion will be denied.

### II. Background

Plaintiff, William Ash, a state prisoner currently incarcerated at the Dallas State Correctional Institution (SCI-Dallas), in Dallas, Pennsylvania, initiated this action on June 2, 2017. Mr. Ash was injured during his transport from SCI-Benner to SCI-Graterford on October 20, 2015. He was rendered no medical assistance during the transport or upon his arrival (or nineteen day stay) at SCI-Graterford. He was then transferred to SCI-Dallas on November 7, 2015, where he was denied medical care for his injuries for almost two years. He was later diagnosed as

suffering from post-concussive syndrome, a lifelong injury. (ECF No. 11, Am. Compl.)

## III. Standard of Review

Although prisoners have no constitutional or statutory right to the appointment of counsel in a civil case, the Court has broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1); *see also Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993).

In its decision, the *Tabron* Court announced the factors to be considered by a district court when deciding whether to exercise its discretion and appoint counsel for an indigent litigant in a civil case. Initially, "the district court must consider as a threshold the merits of the plaintiff's claim." *Tabron*, 6 F.3d at 155. Next, if a claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, or course, a significant factor that must be considered in determining whether to appoint counsel." *Id.* at 156. "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her own case ... and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed." *Id.*

In addition to the indigent plaintiff's ability to present his or her case, *Tabron* requires the district court to consider the following additional factors: (1) the difficulty of the particular legal issues; (2) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (3) the plaintiff's capacity to retain counsel on his own behalf; (4) the extent to which a case is likely

to turn on credibility determinations; and (5) whether the case will require testimony from expert witnesses. *Id. at* 155 - 57. However, while these factors are meant to guide the Court in making its determination, they are not exhaustive and the Court may consider any other factor it deems relevant. *Id.* at 157. Moreover, it is noted that appointment of counsel under § 1915(d) may be made by the court *sua sponte* at any point in the litigation. *Id.* at 156.

Finally, district "courts have no authority to compel counsel to represent an indigent civil litigant," *id.* at 157 n. 7, and courts are cautioned against the indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such assignments. *Id.* at 157.

## IV. Discussion

Applying the relevant *Tabron* factors in this case, the appointment of counsel is not warranted at this time.

This case is in its procedural infancy. Shortly after filing his Complaint (ECF No. 1), Mr. Ash sought leave to file an amended complaint. The Court recently screened the Amended Complaint (ECF No. 11) pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed the Amended Complaint as to the named Defendants (Wetzel and Link). Mr. Ash was also granted leave to file a second amended complaint. To date, no second amended complaint has been filed. If Mr. Ash files a second amended complaint the Court will screen it pursuant to 28 U.S.C. § 1915(e)(2)(B). Then, if appropriate, the Court will direct service of the second

3

amended complaint on the named Defendants who will file an answer or motion to dismiss. Until then, the Court will not be able to fully assess the threshold question of the arguable factual and legal merit of Plaintiff's claims for the purpose of appointing him counsel.

To the extent that Mr. Ash's request for counsel is based on the fact of his incarceration or his indigent status, these facts do not warrant the appointment of counsel given this Court's liberal construction of *pro se* pleadings. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). While Mr. Ash is concerned as to his ability to represent himself given his limited education and history of enrollment in special education classes, he has demonstrated through his filings with the Court his ability to communicate effectively with the Court. At this early point in the litigation, there is no evidence that any prejudice will befall Mr. Ash in the absence of court appointed counsel. Consequently, Mr. Ash's request for counsel will be denied without prejudice. Should future proceedings demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte* or upon a motion properly filed.

An appropriate Order follows.

Date: **January 2, 2018**     /s/ A. Richard Caputo
                              **A. RICHARD CAPUTO**
                              **United States District Judge**

4