# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM A ASH,  :
    Plaintiff,  :  CIVIL ACTION NO. 3:CV-17-0957
  v.  :  (Judge Caputo)
D.O.C., *et al.*,  :
    Defendants.  :

# M E M O R A N D U M

## I. Introduction

Mr. Ash's Second Amended Complaint (ECF No. 18) is before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). Upon screening the Second Amended Complaint, the Court will sever claims against those defendants located in the United States District Court for the Eastern District of Pennsylvania from this action and transfer them to the Eastern District where venue is proper.[1]

---

[1] Mr. Ash names the following Pennsylvania Department of Corrections (DOC) employees as Defendants: Secretary John Wetzel; SCI-Graterford Superintendent Cynthia Link; John Doe Bus Driver; John Doe SCI-Graterford Correctional Officer (CO); John Doe Medical Provider at SCI-Graterford; SCI-Dallas Superintendent Larry Mahally; SCI-Dallas Medical Director Doctor Prince; and SCI-Dallas Medical Administrator Lea Martin.

## II. Standard of Review for Screening *Pro Se In Forma Pauperis* Complaints

When a litigant seeks to proceed *in forma pauperis*, without payment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint, or in this instance, the amended complaint. *See* 28 U.S.C. § 1915(e)(2)(B). Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint. *See* 28 U.S.C. § 1915A(a). Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).

A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)(citing *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1832-33, 104 L.Ed.2d 338 (1989)). When deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Under Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009)).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). A complaint is required to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)).

To test the sufficiency of the complaint, the court "must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, a court must "take note of the elements a plaintiff must plead to state a claim." *Id.* (internal quotations and brackets omitted). Second, the court must identify allegations that are merely legal conclusions "because they . . . are not entitled to the assumption of truth." *Id.* While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). Third, a court should assume the veracity of all well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949).

The Court must liberally construe a complaint filed by a *pro se* plaintiff and hold it "'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184 (3d Cir. 2015)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v.*

*Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Yet, even a *pro se* plaintiff "must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir.2013) (citation omitted). Courts should allow *pro se* litigants leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).

### III.    Allegations of the Second Amended Complaint

On October 20, 2015, DOC officials transferred Mr. Ash from SCI-Dallas to SCI-Graterford by way of SCI-Benner Township (SCI-Benner).[2] At approximately 1:30 p.m., Mr. Ash, along with other inmates, left SCI-Benner en route to SCI-Graterford. His wore handcuffs attached to a waist chain and ankle restraints. (ECF No. 14.) The DOC bus, driven by a SCI-Graterford employee, did not have seatbelts.

During the course of the ride, due to excessive speed, the bus driver failed to negotiate a curve smoothly. The driver simultaneously jerked the steering wheel as he applied the brakes. The sudden lurch in motion ejected Mr. Ash from his seat and threw him to the floor. Plaintiff claims to have injured his head, back, and almost lost consciousness. Transport officers ignored his requests for assistance.

---

[2] Both SCI-Dallas and SCI-Benner are located in the United States District Court for the Middle District of Pennsylvania. SCI-Graterford is located in the United States District Court for the Eastern District of Pennsylvania.

Upon his arrival at SCI-Graterford Mr. Ash immediately notified staff of the accident and his injuries. Two hours later, Plaintiff accessed the medical unit where a nurse examined him, cleaned his head laceration, provided him Ibuprofen and told him "you will be fine." (*Id*. at ¶ 8.) Although Mr. Ash signed up for sick call the following day, prison officials did not call him down to the unit. On October 23, 2015, Plaintiff told the second shift Lieutenant of the accident and requested photographs of his injuries. The Lieutenant said someone would come to his housing unit to take the photographs, but no one ever came. The next day Mr. Ash filed a grievance concerning the bus accident, his injuries, and lack of medical care. (*Id*. ¶ at 11.)

On October 29, 2015, Plaintiff's Housing Officer provided him with a pass to the medical unit. A female officer at the medical unit turned Mr. Ash away stating that he was "too late" and he should sign up for sick call the following day. (*Id*. at ¶ 14.) Mr. Ash also filed a grievance concerning this incident.

From October 20, 2015 through November 7, 2015, Mr. Ash only received treatment for his injuries on one occasion, the day of his arrival at SCI-Graterford. (*Id*. at ¶ 16.) During his nineteen day stay at SCI-Graterford he never received a single response to his grievances or "multiple sick call request[s]". (*Id*. at ¶ 12.)

Plaintiff returned to SCI-Dallas on November 7, 2015. (*Id*. at ¶ 17.) He immediately notified staff of his injuries. Dr. Stanish examined Plaintiff and diagnosed him with a concussion. (*Id*.) On November 19, 2015, Mr. Ash filed a grievance requesting prison officials preserve the audio and video recording of the October 20, 2015 bus transport from SCI-Benner to SCI-Graterford.

After November 20, 2015, Dr. Prince was Mr. Ash's primary physician. (*Id*. at ¶ 20.) From that day forward, and for the next two years, Dr. Prince ignored Mr. Ash's complaints of severe migraines, dizziness, nausea, nosebleeds and memory loss. Mr. Ash also complained to Lea Martin, the Medical Director at SCI-Dallas, and Superintendent Mahally about his "neglectful treatment, but to no avail." (*Id*. at ¶ 21.)

Mr. Ash claims the injuries he incurred during his transport to SCI-Graterford were the "result of deficient policies and procedures established and maintained by" Secretary John Wetzel and SCI-Graterford Superintendent Cynthia Link. (*Id*. at ¶ 23.) Plaintiff claims these defendants were "responsible for overseeing prison policies at SCI-Graterford and all Department of Correction facilities including transportation policies." (*Id*. at ¶ 24.) He blames SCI-Grateford officials for failing to mandate that the transport vehicle be equipped with seatbelts or similar safety devices. (*Id*. at ¶¶ 25 – 27.) Finally, he claims both SCI-Graterford and SCI-Dallas staff were deliberately indifferent to his serious medical needs. (*Id*. at ¶ 28.)

**V.     Discussion**

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct. No technical form is

required." Fed. R. Civ. P. 8(d). Rule 8 is satisfied when the allegations of the complaint "enable[s] [the adverse party] to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). If a *pro se* complaint does not comply with the requirements of Rule 8, a court may dismiss the complaint "on its own initiative or in response to a motion by the defendant." *Id.*

Rule 18(a) of the Federal Rules of Civil Procedure governs the joinder of claims. Rule 18(a) provides "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). With respect to the permissive joinder of parties, persons may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

The joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009). However, the policy behind Rule 20 is not a license to join unrelated claims and defendants in a single lawsuit. *See Pruden v. SCI Camp Hill*, 252 F. App'x 436, 437 (3d Cir. 2007) (nonprecedential).

Mr. Ash's Second Amended Complaint seeks to join two groups of defendants from different judicial districts who are involved in discrete events. The first group of defendants includes those employed at SCI-Graterford (Link, John Doe Bus Driver, CO John Doe, and John Doe Medical Provider) and Secretary Wetzel. As previously noted, SCI-Graterford is located in the Eastern District of Pennsylvania. Plaintiff's claims against this group stems from his transport to SCI-Graterford, on a DOC bus operated by a SCI-Graterford employee, and the medical care he received at SCI-Grateford immediately following his injuries. The second group of defendants (Mahally, Prince, and Martin) works at SCI-Dallas, which is located in the Middle District of Pennsylvania. Mr. Ash's claims against the SCI-Dallas defendants span a period of almost two years of medical complaints and do not arise out of the same transaction or occurrence as the claims against the SCI-Graterford defendants. Mr. Ash does not allege that any of the SCI-Graterford Defendants (medical or corrections staff) were involved with his medical treatment or care once transferred to SCI-Dallas. Likewise, he does not assert any of the SCI-Dallas defendants were involved in his transport, policy decision concerning his method of transport to SCI-Graterford, the operation of the transport bus, or medical decisions concerning his care that took place at SCI-Graterford.

Accordingly, large portions of the Second Amended Complaint are subject to dismissal due to Mr. Ash's failure to comply with Rule 20. However, because the Court lacks sufficient information as to Mr. Ash's administrative exhaustion efforts to determine the applicable statute of limitations in this case, the Court will transfer the

claims presented in the Second Amended Complaint as to Secretary Wetzel and the SCI-Graterford defendants to the Eastern District Court.[3] This Court will only retain jurisdiction over claims asserted in the Second Amended Complaint that arose in this district against the SCI-Dallas defendants.

An appropriate order follows.

**Date: August 23, 2018**  /s/ A. Richard Caputo
　　　　　　　　　　　　　　　　**A. RICHARD CAPUTO**
　　　　　　　　　　　　　　　　**United States District Judge**

---

[3] As Pennsylvania has a two-year statute of limitations for personal injury actions, the statute of limitations applicable to claims brought under 42 U.S.C. § 1983 is two years. *See* 42 Pa. Cons. Stat. § 5524(7) (2014); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). However, the date when a § 1983 action accrues is determined by federal law. Under federal law, a civil rights cause of action accrues and the statute of limitations begins to run "'when the plaintiff knew or should have known of the injury upon which [his] action is based.'" *Kach*, 589 F.3d at 634 (quoted cases omitted) (brackets added). The statute of limitations is tolled while an inmate plaintiff exhausts his administrative remedies. *See Pearson v. Sec'y Dep't Corr.*, 775 F.3d 598, 603 (3d Cir. 2015) ("[T]he PLRA is a statutory prohibition that tolls Pennsylvania's statute of limitations while a prisoner exhausts administrative remedies.") Mr. Ash's claims related to his transport to SCI-Graterford accrued on October 20, 2015. Consequently, the clock for filing a civil rights action for related claims began on October 20, 2015, and expired on October 20, 2017 absent statutory tolling while he exhausted his administrative remedies. However, this information is not before the Court. Therefore, out of an abundance of caution to the rights of this *pro se* litigation, this Court will transfer the portion of his Second Amended Complaint against the SCI-Graterford Defendant to the Eastern District of Pennsylvania rather than dismiss them from the action.