**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM A ASH,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 3:CV-17-0957** |
| | : | |
| **v.** | : | **(Judge Caputo)** |
| | : | |
| **D.O.C.,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

**M E M O R A N D U M**

## I.    Introduction

Presently before the Court is Dr. Prince's uncontested Motion to Dismiss Mr. Ash's Second Amended Complaint.   (ECF No. 33.)   Mr. Ash did not file an opposition brief.   The motion is now ripe for disposition.   For the following reasons, Dr. Princes Motion to Dismiss the Second Amendment Complaint will be denied.

## II.    Motion to Dismiss Legal Standard

Federal Rule of Civil Procedure 12(b)(6) supports the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.   *See* Fed. R. Civ. P. 12(b)(6).   "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Newtork*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F.3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). In deciding a Rule 12(b)(6) motion, the Court may also consider "documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, its subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citations and internal quotations marks omitted).

A complaint filed by a *pro se* plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 – 21, 92 S.Ct. 594, 596, 30 L.2d 652 (1972)); *see also Erickson v. Pardus*, 551

U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).   Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged." *Jackson v. Div. of Developmental Disabilities*, 394 F. App'x 950, 951 n. 3 (3d Cir. 2010) (nonprecedential) (quoted case omitted).   Additionally, District Courts must grant *pro se* litigants leave to file a curative amended complaint, even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable of futile.   *See Estate v. Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).   A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.   *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## III.     Factual and Procedural Background

### A.     Procedural History

Mr. Ash, a state prisoner formerly housed at the Dallas State Correctional Institution (SCI-Dallas), in Dallas, Pennsylvania, proceeding *pro se* and *in forma pauperis,* initiated this civil rights action pursuant to 42 U.S.C. § 1983 following his November 7, 2015 transport to SCI-Graterford during which he sustained head injuries.  (ECF No. 1.)  Mr. Ash then filed an Amended Complaint.  (ECF No. 11.)  The Court dismissed the Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and granted him leave to file a Second Amended Complaint.  (ECF Nos. 14 and 18.)  On August 23, 2018, the Court screened the Second Amended Complaint, severed all claims arising outside of the United States

District Court for the Middle District of Pennsylvania, and transferred them to the Eastern District of Pennsylvania. The Court retained jurisdiction over Mr. Ash's claims of inadequate medical care and treatment for his concussion at SCI-Dallas from November 7, 2015 to the present. Named as Defendants are the following individuals employed at SCI-Dallas: Superintendent Larry Mahally; Medical Administrator Lea Martin;[1] and Medical Director Dr. Prince;

### B. Allegations of the Second Amended Complaint

The relevant facts as alleged in Mr. Ash's Second Amended Complaint (ECF No. 18) are as follows:

On October 20, 2015, Pennsylvania Department of Corrections (DOC) officials transported Mr. Ash from SCI-Dallas to SCI-Graterford via a DOC bus. Mr. Ash injured his head and back during the transport when the bus lurched, throwing him out of his seat. Mr. Ash remained at SCI-Graterford until November 7, 2015, when he returned to SCI-Dallas. Dr. Stanish examined Plaintiff and diagnosed him as having a concussion. After November 20, 2015, Dr. Prince served as Mr. Ash's primary physician. Since then, Mr. Ash has complained to Dr. Prince of severe migraines, dizziness, nausea, nosebleeds, and memory loss. Dr. Prince explained "that the symptoms described are indicative of post-concussion syndrome … saying that the Plaintiff will experience these symptoms for the remainder of his life." (*Id.* at

---

[1] Superintendent Mahally and Medical Administrator Martin, both employed by the Pennsylvania Department of Corrections. Dr. Prince is an employee of the contract medical care provider tasked to provide health care for SCI-Dallas inmates. Separate counsel represents Dr. Prince and the DOC defendants. On March 4, 2019, the DOC defendants filed an Answer to the Second Amended Complaint. *See* ECF No. 37.

¶ 22.)  Mr. Ash complained to Ms. Martin and Superintendent Mahally "about this neglectful treatment, but to no avail." (*Id.* at ¶ 21.)

Plaintiff also contends he suffered inadequate health care due to the deficient policies and procedures of the DOC.  (*Id.*)

## IV.    Discussion

For the Plaintiff to state a viable Eighth Amendment medical claim he must allege that Dr. Prince acted with deliberate indifference to his serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105-06, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).   Dr. Prince argues that Mr. Ash has not alleged that he suffers from a serious medical need or that he was deliberately indifferent to that need.  (ECF No. 36, *generally*.)

A medical need is "serious" if "it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotation omitted). "The seriousness of an inmate's medical need may also be determined by reference to the effect of denying the particular treatment." *Id.*

Mr. Ash alleges that a few weeks after the October 20, 2015, bus incident, Dr. Stanish diagnosed him as suffering from a concussion.  A month after the accident, Dr. Prince diagnosed him as suffering from post-concussion syndrome based on his ongoing symptoms of severe migraine headaches, dizziness, nausea, nosebleeds, and memory loss.  (ECF No. 18 at ¶¶ 17 – 22.)  Yet Dr. Prince ignored his repeated

complaints of pain and symptoms of post-concussion syndrome and denied him adequate medical care as a "result of deficient policies and procedures established and maintained by the medical department." (*Id.* at ¶ 30 - 32.) Dr. Prince claims that even accepting the allegations of the Second Amended Complaint as true, Plaintiff fails to state an Eighth Amendment medical claim against him because he "fails to allege a serious medical need and because it fails to allege deliberate indifference". (ECF No. 36 at 8.) The Court disagrees.

Dr. Stanish diagnosed Mr. Ash with a concussion. Dr. Prince believed Plaintiff suffered from post-concussion syndrome. The severity of Mr. Ash's condition, a month after the initial injury, is unknown at this stage of the pleadings.[2] It may be that Mr. Ash will not be able to establish that he suffers or suffered from a serious medical need. However, accepting the allegations of the Second Amended Complaint as true, as the Court must when deciding a motion to dismiss, the Court concludes that Mr. Ash has plausibly alleged a serious medical need.

Next, Dr. Prince argues that the Second Amended Complaint fails to state an Eighth Amendment claim upon which relief can be granted because Mr. Ash has not alleged that Dr. Prince knew his conduct presented a substantial risk of serious harm to Plaintiff.

A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health

---

[2] The Court notes that although a mild concussion is insufficient to constitute a serious medical need, Mr. Ash's concussion may have been more serious, at the motion to dismiss stage, this question is left unanswered. See *Miller v. UConn Correctional Managed Health Care*, No. 3:10-CV-616(RNC), 2013 WL 5963078, at *2 (D. Conn. Nov. 6, 2013) (noting that a mild concussion is not considered a serious medical need to satisfy the objective component of the deliberate indifference standard).

or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Id.* at 857, 114 S.Ct. at 1989.

A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104 - 05, 97 S.Ct. at 291. Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." *Id.* Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury." *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990).

Mr. Ash claims Dr. Prince ignored his complaints of severe migraines headaches, dizziness, nosebleeds and memory loss for almost two years for non-medical reasons. (ECF No. 18 at ¶ 20 and ¶¶ 30 - 31.) According to Dr. Prince, Mr. Ash will suffer these painful symptoms for the remainder of his life. (*Id.* at ¶ 22.)

At the motion to dismiss stage, Mr. Ash's allegations of Dr. Prince (and others) ignoring or refusing to treat his post-concussion syndrome, a plausible serious medical need, which results in the infliction of ongoing pain and other symptoms, it may be reasonably inferred that Dr. Prince knew his conduct presented

a substantial risk of serious harm to the plaintiff. This finding does not mean that medical records of sick call appointments, examinations, diagnosis, medication administration records, and other routinely kept prison records may not rebut an inmate's allegations of deliberate indifference on summary judgment. Simply put, Dr. Prince's arguments concerning deliberate indifference reveal fact issues that can only be resolved through a motion for summary judgment --- where the Court could examine actual evidence --- or trial. The Court finds that Mr. Ash has presented a plausible Eighth Amendment claim against Dr. Prince.

## VI.    Conclusion

Based in the forgoing, Dr. Prince's motion to dismiss will be denied. Dr. Prince will be directed to file an Answer to the Second Amended Complaint.

An appropriate Order follows.

**Date:  May 9, 2019**                    /s/ A. Richard Caputo
                                     **A. RICHARD CAPUTO**
                                     **United States District Judge**