**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM A. ASH,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 3:17-CV-0957** |
| | : | |
| **v.** | : | **(Judge Caputo)** |
| | : | |
| **D.O.C.,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

# M E M O R A N D U M

This matter comes before the Court on Plaintiff's Second Motion for Appointment of Counsel. (ECF No. 44.) For the following reasons, the motion will be denied without prejudice.

## I. Procedural History & Background

Mr. Ash initiated this action following a November 7, 2015-head and neck injury incurred during a prison transport. (ECF No. 1). Shortly thereafter, Plaintiff filed an Amended Complaint. (ECF No. 11.) The Court dismissed the Amended Complaint pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A and directed Plaintiff to file a second amended complaint. (ECF. No. 18.)

On August 23, 2018, the Court screened the Second Amended Complaint, severing and transferring all claims arising outside of this district to the United States District Court for the Eastern District of Pennsylvania. The Court retained jurisdiction over Mr. Ash's claims of inadequate medical care for his post-concussion syndrome symptoms. (ECF No. 23.) Named as Defendants are the following Pennsylvania Department of Corrections (DOC) employees employed at the Dallas State Correctional

Institution (SCI-Dallas), in Dallas, Pennsylvania: Superintendent Larry Mahally and Corrections Health Care Administrator (CHCA) Lea Martin. Dr. Scott Prince, a contract medical care provider who treated Mr. Ash following his concussion, is also named as a Defendant.

The Court appointed the Clerk of Court to serve Defendants with a copy of the Second Amended Complaint. (ECF No. 24.) The Commonwealth Defendants filed an Answer (ECF No. 37) while Dr. Prince filed a motion to dismiss (ECF No. 33). On May 9, 2019, the Court denied Dr. Prince's motion to dismiss. (ECF No. 40.) Dr. Prince filed an Answer on May 14, 2019. (ECF No. 42.) The Court then issued a scheduling order setting the close of discovery on November 15, 2019, and the submission of dispositive motions by December 16, 2019. (ECF No. 43.)

The Court denied Mr. Ash's previous motion for appointment of counsel after screening the Complaint and Amended Complaint and granting Plaintiff leave to file a Second Amended Complaint. (ECF No. 16.) Plaintiff filed his second motion for counsel on May 13, 2019. (ECF No. 44.) He seeks appointment of *pro bono* counsel on the following factors: his inability to afford counsel; lack of legal training; he "suffers from a mental disability ADD and ADHD; "considerable discovery concerning the identity of witnesses, officer reports and statement about this incident...[and] Plaintiff's medical history"; the "compl[ex] discovery rules put[ ] him at a disadvantage in countering the defendants discovery tactics"; and "the large number of defendants … compl[ex] legal issues in determining which defendants were personally involved in the constitutional violations to be held liable". (*Id.*)

**II.    Discussion**

Indigent litigants bringing civil suits under 42 U.S.C. § 1983 have neither a constitutional nor statutory right to appointment of counsel.   *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  Yet, a court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1). The decision to request counsel to represent an indigent litigant under Section 1915 is within "the sound discretion of the trial court."   *Tabron*, 6 F.3d at 153.  "[C]ourts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."  *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact *and* law."  *Montgomery*, 294 F.3d at 499 (emphasis added).   If plaintiff's claims should overcome this threshold requirement, other factors to be examined are:  (1) the plaintiff's ability to present his case; (2) the difficulty of the legal issues; (3) the degree to which factual investigation will be necessary and the plaintiff's ability to pursue it; (4) the extent to which the case is likely to turn on credibility determinations; (5) whether the case will require expert testimony and (6) the plaintiff's ability to retain counsel on his own. *Parham,* 126 F.3d at 457 (citing *Tabron*, 6 F.3d at 155 - 56, 157 n. 5).

Having screened the Second Amended Complaint as well as recently denying Dr. Prince's motion to dismiss the Second Amended Complaint, the Court has already determined that Mr. Ash's Eighth Amendment medical claim has plausible merit in fact and law.  Thus, the Court moves forward with analyzing the *Tabron* factors.  The first

*Tabron* factor, "perhaps the most significant [,]" is Plaintiff's ability to present his own case. In evaluating this first factor, courts should consider "the plaintiff's education, literacy, prior work experience, and prior litigation experience … plaintiff's ability to understand English … or, if the plaintiff is a prisoner, the restraints placed upon him or her by confinement." *Tabron*, 6 F.3d at 156. Clearly Mr. Ash has access to this Court as demonstrated by his court filings in this and other lawsuits. Mr. Ash is literate and can comprehend and communicate in English despite his ADD and ADHD issues. His documents are clear and legible. When necessary Plaintiff's filings contain pertinent legal citations. Moreover, Mr. Ash does not present any argument as how his ADD or ADHD conditions prevent him from advancing his case. In the event, if Mr. Ash should need additional time to comply with a briefing or other requirement, he need only request an enlargement of time from the Court. As a *pro se* litigant, Plaintiff will have the benefit of *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) and its progeny, which provide that that courts must liberally construe *pro se* pleadings. Accordingly, this factor does not weigh in favor of appointing counsel.

The second *Tabron* factor considers the difficulty of the legal issues of Plaintiff's case. The sole claim presented in this matter is whether Defendants were deliberately indifferent to Mr. Ash's serious medical needs when treating him following a concussion. Here, appointment of counsel is not warranted because the factual and legal issues involved in the case are limited and not complicated. Additionally, Mr. Ash's failure to provide any explanation in his application for counsel as to why he believes his claims are complex legal issues only underscores this finding. For these reasons, this factor weighs against appointment of counsel.

Third, there is no indication that Mr. Ash lacks the ability to conduct a factual investigation without the assistance of counsel. While Plaintiff feels "at a disadvantage in countering the defendant[s'] discovery tactics," (ECF No. 44) he does not suggest what, if any, "tactics" he has encountered that either frustrate his ability to conduct discovery or demonstrates Defendants' abusive discovery tactics. Nonetheless, if Mr. Ash should encounter what he perceives to be inappropriate discovery roadblocks or actions by Defendants, he should seek this Court's intervention either by way of a motion to compel or a renewed motion for counsel. Additionally, Plaintiff fails to argue that he does not have access to many of the discovery tools provided by the Federal Rules of Civil Procedure to investigate his claims as well as any defenses. *See* Fed. R. Civ. P. 26. Although incarcerated, he is free to serve written requests for interrogatories, document requests, and requests for admissions like other *pro se* litigants. Thus, this *Tabron* factor also weighs against appointment of counsel.

Fourth, it is premature for the Court to conclude that this case will turn on credibility determinations. Because "it is difficult to imagine" a case where credibility is not important, the Court of Appeals for the Third Circuit has specified that "when considering this factor, courts should determine whether the case [is] solely a swearing contest." *Parham*, 126 F.3d at 460. Here it is likely that Mr. Ash's medical record could provide the relevant evidence with respect to his medical claim. Therefore, the Court finds this *Tabron* factor does not weigh in favor of appointing counsel.

Fifth, the Court considers whether the case will require expert testimony. Expert testimony in this case may be necessary. *See Montgomery*, 294 F.3d at 504 ("This Court has recognized the need for expert testimony in proving a claim based on medical injury.") (citing *Parham*, 126 F.3d at 460). However, the Third Circuit clarified that the

appointment of counsel is not required in every case in which expert testimony may be warranted. *See Lasko v. Watts*, 373 F. App'x 196, 202 (3d Cir. 2010). At this stage of the proceedings, the need for expert testimony is not apparent. Thus, this factor weighs against appointing counsel.

Sixth, the Court is required to analyze whether Plaintiff is able to retain and afford counsel. *See Tabron*, 6 F.3d at 156. Plaintiff is proceeding *in forma* pauperis and there is no indication that he can afford counsel. As to his ability to obtain counsel, he states, without any supportive evidence, that he has not received responses to his letters requesting representation. Consequently, taking Mr. Ash's statements at face value, this factor weighs in favor of appointing counsel.

After consideration of the aforementioned factors, the majority of the *Tabron* factors do not support the appointment of *pro bono* counsel. Therefore, the Court will deny Mr. Ash's second request for counsel without prejudice.

An appropriate order follows.


**Date:  June 28, 2019**                              /s/ A. Richard Caputo
                                                  **A. RICHARD CAPUTO**
                                                  **United States District Judge**