# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM A ASH,** | : | |
| **Plaintiff,** | : | CIVIL NO. 3:17-CV-0957 |
| v. | : | (Judge Caputo) |
| **D.O.C.,** *et al.,* | : | |
| **Defendants.** | : | |

# M E M O R A N D U M

Presently before the Court is Mr. Ash's letter-request for the appointment of counsel. (ECF No. 58.) The Court will construe Mr. Ash's request as his third motion for appointment of counsel. For the following reasons, the motion will be denied. The Court, however, will grant Mr. Ash an enlargement of time to respond to the Defendants' motions for summary judgment.

## I.  Factual Background and Procedural History

This action proceeds on Mr. Ash's Second Amended Complaint. (ECF No. 18.) On October 20, 2015, Pennsylvania Department of Corrections (DOC) officials transferred Mr. Ash from SCI-Dallas to SCI-Graterford by way of SCI-Benner Township. During the van transport, staff cuffed Mr. Ash's hands to a waist chain and placed him in ankle restraints. He did not wear a seatbelt. (*Id.*) When the van driver failed to smoothly negotiate a turn Mr. Ash was ejected from his seat and thrown to the floor injuring his head and back. (*Id.*)

Between October 23, 2015 and November 7, 2015, Mr. Ash was housed at SCI-Graterford. He returned to SCI-Dallas on November 7, 2015. Dr. Standish examined him and diagnosed him as having a concussion. After November 20, 2015, Dr. Prince was Mr. Ash's primary physician. Dr. Prince explained that Mr. Ash's complaints were indicative of post-concussion syndrome which "Plaintiff will experience these symptoms for the remainder of his life." (*Id*. at ¶ 22.) For the next two years Dr. Prince ignored Mr. Ash's complaints of migraines, dizziness, nausea, and memory loss. (*Id*.) Mr. Ash claims Superintendent Larry Mahally and Corrections Health Care Administrator Martin failed to intervene when he alerted them to Dr. Prince's denial of medical care. (*Id*.)

The Corrections Defendants (Lea Martin and Larry Mahally) filed an Answer on March 4, 2019 (ECF No. 37) while Dr. Prince filed a motion to dismiss the Second Amended Complaint (ECF No. 33). On May 9, 2019, the Court denied Dr. Prince's motion to dismiss. (ECF No. 40.) Dr. Prince filed an Answer to the Second Amended Complaint on May 14, 2019. (ECF No. 42.) The Court issued a scheduling order setting the close of discovery by November 11, 2019 and calling for the filing of dispositive motions by December 16, 2019. (ECF No. 43.)

The Corrections Defendants filed a properly supported motion for summary judgment on December 13, 2019. (ECF Nos. 51 – 53.) Three days later Dr. Prince filed a motion for summary judgment. (ECF Nos. 54 – 56.) Mr. Ash has not filed a response to Defendants' motions.

On January 24, 2020, Mr. Ash filed a letter-request for counsel and an extension of time presumably to respond to the pending motions for summary

judgment. (ECF No. 58.) On two prior occasions, the Court denied Mr. Ash's requests for appointment of counsel citing the all familiar factors listed in *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993) which the Court utilizes when exercising its discretionary power to appoint counsel for indigent civil litigants. *See* ECF No. 16 and 46.

The Court notes that according to the DOC's Inmate/Parolee Locator, Mr. Ash is not currently in DOC custody. *See* http://inmatelocator.cor.pa.gov (name search: William Ash, last visited Feb. 13, 2020). The Pennsylvania's Victim Information and Notification Everyday portal, referred to as VINELINK, also reflects that Mr. Ash is not in DOC custody and was "paroled". *See* https://www.vinelink.com (search: William Ash, last visited Feb. 13, 2020).

## II.     Discussion

Indigent litigants bringing civil suits under 42 U.S.C. § 1983 have neither a constitutional nor statutory right to appointment of counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002); *Tabron*, 6 F.3d at 153. Yet, a court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1). The decision to request counsel to represent an indigent litigant under 28 U.S.C. § 1915 is within "the sound discretion of the trial court." *Tabron*, 6 F.3d at 153. "[C]ourts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact *and* law." Montgomery, 294 F.3d at 499 (emphasis added). If plaintiff's claims should overcome this threshold requirement, other factors to be examined are: (1) the plaintiff's ability to present his case; (2) the difficulty of the legal issues; (3) the degree to which factual investigation will be necessary and the plaintiff's ability to pursue it; (4) the extent to which the case is likely to turn on credibility determinations; (5) whether the case will require expert testimony and (6) the plaintiff's ability to retain counsel on his own. Parham, 126 F.3d at 457 (citing Tabron, 6 F.3d at 155 - 56, 157 n. 5).

In his instant request for representation Mr. Ash claims the DOC has transferred him to a facility without a law library as the latest "tactic … to hinder [him] from litigating [his] case". (ECF No. 58.) According to Mr. Ash he is at the Kintock facility in Philadelphia until March 12, 2020. (*Id.*) The Kintock center is a community corrections center. See https://kintock.org/locations/philadelphia.html (last visited Feb. 13, 2020). "Because of this tactic [Mr. Ash seeks the] court to appoint counsel and a[n] extension. [Mr. Ash] hope[s] the court can see the plaintiff's position they tru[ly] don't want the court [to] see how [ ] bad the plaintiff was injured". (*Id.*)

Mr. Ash's suggestion that the DOC's "tactic" of transferring him to a community corrections center to thwart his litigation efforts is illogical, unsupported by the record, and insufficient to warrant the appointment of counsel in this matter. To date, as demonstrated by Mr. Ash's filings in this case, and others, he has shown an ability to clearly present his claims, communicate his thoughts clearly, and that he suffers from

no obstruction of his ability to correspond freely with the Court. Aside from his transfer to a community corrections center without a legal library, Mr. Ash does not suggest he suffers from any other mental or physical impediment affecting his ability to respond to Defendants' motion for summary judgment. During the discovery period, Mr. Ash never sought court intervention due to Defendants' failure to respond or otherwise thwart his ability to conduct discovery in this matter. Thus, he had the opportunity to marshal facts in support of his claims. Likewise, he fails to suggest what efforts he has undertaken to secure counsel prior to requesting the Court to find him representation. Accordingly, the Court will deny his third motion for counsel.

The Court, however, will grant Mr. Ash an enlargement of time to file a response to Defendants' summary judgment motions. The Court directs Mr. Ash to review this Court's Standing Practice Order sent to him on June 2, 2017 (ECF No. 5 at 3) when responding to the Defendants' motion for summary judgment. *See also* Fed. R. Civ. P. 56. In opposing a motion for summary judgment, a party must file a separate concise statement of material facts responding to the numbered paragraphs of the defendants' statement of material facts supported by evidentiary material. If a party fails to timely oppose a summary judgment motion it will be deemed unopposed. *See* ECF No. 5 and Fed. R. Civ. P. 56(e).

An appropriate order follows.

**Date: February 13, 2020**　　　　　　　　　　/s/ A. Richard Caputo  
　　　　　　　　　　　　　　　　　　　　　　**A. RICHARD CAPUTO**  
　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**